## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF MISSISSIPPI

In re:  PAUL S. WOODS                                    Case No. 15-11842-JDW
       LISA M. WOODS

**Debtors**                                              **Chapter 13**

PAUL S. WOODS, and
LISA M. WOODS,

**Plaintiffs**

v.                                                       ADVERSARY NO._____

PARTNERS FOR PAYMENT RELIEF, LLC,

**Defendant.**

### COMPLAINT TO DETERMINE VALIDITY, PRIORITY AND EXTENT OF LIEN OF THE SECOND MORTGAGE OF PARTNERS FOR PAYMENT RELIEF, LLC

COME(S) NOW, the Plaintiff(s), PAUL S. WOODS, and LISA M. WOODS, by and through his/her/their counsel of record, who file this Complaint To Determine Validity, Priority And Extent Of Lien Of The Second Mortgage Of PARTNERS FOR PAYMENT RELIEF, LLC (herinafter "PARTNERS") and in support thereof respectfully represent(s) to the Court as follows:

### JURISDICTION AND VENUE

1. This adversary proceeding arises in the context of and relates to the Chapter 13 of PAUL S. WOODS, and LISA M. WOODS (the "Debtor(s)" or "Plaintiff(s)") which is now pending in this district as case number 15-11842-JDW

2. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334.

3.  This is a core proceeding pursuant to 28 U.S.C. § 157 (b)(2)(K). Specifically, this cause of action involves a judicial determination to be made as to the validity, priority and/or extent of PARTNERS lien.

4.  Venue is proper in this district pursuant to 28 U.S.C. §1409(a).

## PARTIES

5.  Plaintiff(s) (is)(are) the Debtor(s) in the instant Chapter 13 case and the obligor(s) under two promissory notes and deeds of trust, the first to U.S. BANK and the second to PARTNERS.

6.  PARTNERS is a creditor of the Debtor(s) who may be served at 3748 West Chester Pike, Suite 103, Newtown Square, PA 19073.

## FACTS

7.  The Plaintiff(s) filed a voluntary petition for relief under Chapter 13 of Title 11 of the United States Code (the "Bankruptcy Code") on May 22, 2015.

8.  The Plaintiff(s) first executed a promissory note and deed of trust currently held by U.S. Bank National Association, as Trustee for American General Mortgage Loan Trust 2009-1, American General Pass-Through Certificates, Series 2009-1 (hereinafter "U.S. Bank") that at the time of filing had an outstanding balance of approximately One-Hundred Seventy Two Thousand Five Hundred Forty Eight and 53/100 Dollars ($172,548.53)("first mortgage") per its claim filed as claim #5. Next, the Plaintiff(s) executed a promissory note and deed of trust in favor of GMAC Mortgage, LLC dba ditech.com (see attached Exhibit "A" - Second Mortgage Deed of Trust) that has been assigned to PARTNERS (see Exhibit "B" - Assignment to Partners).  No claim has been filed by PARTNERS but Debtors allege that the

        balance is more or less Eighty Thousand and 00/100 Dollars ($80,000.00) ("second mortgage").

9. Plaintiff(s) allege(s) the first mortgage has lien priority over the second mortgage.

10. The collateral allegedly securing both notes is the Plaintiff's(s') principal real property located at 8175 Huckleberry Drive, Olive Branch, DeSoto County, Mississippi 38654 (hereinafter "real property" or "home").

11. At the time of filing, Plaintiff(s) allege(s) that the value of this home was $155,000. This valuation is corroborated by an appraisal report.  (See attached Exhibit "C".)

12. Plaintiff(s) allege(s) that at the time of filing, there was no equity remaining, after deducting the balance of the first mortgage to which the second mortgage could attach.

## CAUSE OF ACTION

13. Plaintiff(s) allege(s) that the restriction on modification of a claim secured by the his/her/their principal residence in 11 U.S.C. § 1322 (b)(2) does not apply to his/her/their second mortgage with the Defendant as the second mortgage is entirely unsecured by any value in the Plaintiff's(s') residence.

14. Based on the foregoing, Plaintiff(s) (is)(are) entitled to a determination that the lien of Defendant for the second mortgage is wholly unsecured and that the claim may be modified as allowed by 11 U.S.C §§ 506 and 1322 (b)(2).

WHEREFORE, Plaintiff(s) respectfully request(s) that this Court determine that the lien of the second mortgage of the Defendant is wholly unsecured and that the claim may be modified and treated as unsecured and for such further relief to which he/she/they may be entitled.

Respectfully submitted:

/s/ Kevin F. O'Brien
Kevin F. O'Brien MSB # 10731
1630 Goodman Road E
Suite 5
Southaven, MS 38671
(662) 349-3339